# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JIE LI,** | : | CIVIL ACTION NO. 1:06-CV-0356 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **DEPARTMENT OF HOMELAND SECURITY, HONORABLE ALBERTO GONZALES, ATTORNEY GENERAL** | : | |
| Respondents | : | |

## MEMORANDUM

Jie Li ("Li"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the Clinton County Correctional Facility, McElhattan, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241on February 16, 2006. (Doc. 1). He is seeking to proceed *in forma pauperis*. (Doc. 2). For the reasons set forth below, Li's petition will be referred to ICE as a request for review under 8 C.F.R. §§ 241.4 and 241.13.

**I.   Statement of Facts**

Li, a native and citizen of China, is subject to a final order of removal from the United States, which he does not contest. (Doc. 1, p. 3). ICE took custody of him on November 10, 2005. (Doc. 1, pp. 2-3).

Li indicates that, to date, ICE has been unable to remove him to China. (Doc. 1, p. 3). His request for review of his custody status dated on January 12, 2006, has gone unanswered. (Doc. 1, pp. 3-4, 9). He is seeking release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

## II.     Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides that:

> The removal period begins to run on the latest of the following:
>
> > (I) The date the order of removal becomes administratively final.
> >
> > (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
> >
> > (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & ( 6).

8 U.S.C. §1231. The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively

reasonable period of detention." Id. at 701.  If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. Not every alien must be released after six months.  An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court.  See 8 C.F.R. § 241.4.  Prior to the expiration of the mandatory ninety day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period.  8 C.F.R. § 241.4(k)(1)(I).  When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review.  8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

Although Li recently filed a written request for review of his custody status, it was filed during the mandatory ninety day detention period.  Mandatory detention has recently expired and either the district director has retained

responsibility for custody determinations or the matter is now before the HQPDU. Li has not filed a request for release since the expiration of the mandatory detention period. Consequently, ICE will be ordered to treat the petition as a request for release under either 8 C.F.R. § 241.4 or § 241.13. ICE shall respond to the request within thirty days.

Having referred the issue of release to the government for disposition under existing review procedures, Li's petition will be denied.

AND NOW, this 21st day of February 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The motion to proceed *in forma pauperis* (Doc. 2) is GRANTED.

2. As of the date of this Order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide petitioner with a response to his request within thirty days.

3. The Clerk of Court is directed to serve a copy of the petition and this order on respondent and the United States Attorney.

4. The petition for writ of habeas corpus is DENIED.

5. The Clerk of Court is directed to CLOSE this case.

   /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge